**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                            **CRIMINAL CASE NO. 1:26-cr-79-TBM-BWR**

**FARDIN HOSSAIN TALHA**

**<u>MEMORANDUM ORDER</u>**

This cause is before the Court on the United States of America's [13] Motion to Revoke, Review, and Reverse the Release Order. The Magistrate Judge granted the release of Fardin Hossain Talha, who was arrested in the Eastern District of Arkansas on a warrant issued by the Southern District of Mississippi for conspiracy to commit fraud, wire fraud, money laundering, and aiding and abetting these offenses.

The Court ruled from the bench at the hearing and granted the Government's motion. The bench ruling contained more detailed and robust findings than this Order. Nonetheless, this Order provides a very condensed summary.

The Government proved by a preponderance of the evidence that the Defendant presents a serious risk of flight. The Government also proved by clear and convincing evidence that the Defendant poses a danger to the safety of the community. The unrebutted evidence was as follows:

- The Defendant allegedly engaged in an international fraud scheme with co-conspirators from India where he stole at least $1.56 million from nineteen different elderly victims. These nineteen elderly victims were from numerous parts of the United States.   In addition to using cellphones to scam the victims, the Defendant would often travel to personally defraud these elderly victims at their homes or retirement homes.
- According to the Affidavit in Support of a Criminal Complaint and the evidence presented at the hearing today, the Defendant impersonated an FBI agent and drove a white Porsche or traveled via first class airfare to meet victims. The Defendant also has access to large amounts of bulk cash and has many international connections.

- The Defendant allegedly engaged in the fraudulent scheme from August of 2025 to April of 2026. In fact, the Defendant even engaged in the scheme in December of 2025 after being arrested in New York for very similar conduct in November of 2025.
- The Defendant allegedly continued to commit acts in furtherance of the scheme in April of 2026 after that same New York arrest. He has also been charged for allegedly similar conduct in Arkansas. And he was charged in this federal court case in April of 2026.

The Government demonstrated that all of the applicable factors weigh in favor of detention. More specifically, the nature and circumstances of the offense weigh in favor of detention. The scheme allegedly involved preying on vulnerable elderly victims, depleting their life savings, and using an international organized crime group to help orchestrate the scheme by use of "call centers" from India that would be followed up with a personalized meeting with the Defendant who was impersonating law enforcement. While the alleged crime is not a violent crime nor does it involve significant drug dealing, the allegations are certainly some of the most serious allegations of fraud that this Court has been presented with out of the numerous other fraud cases that this Court has previously presided over.

The weight of the evidence also favors detention. This went unrebutted at the hearing.

The Defendant's history and characteristics also favor detention. As to the Defendant's character for solely purposes of this hearing, the above bullet points related to the allegations of the nature of the scheme and actions taken after his New York arrest are indicative. Further, the Defendant has no ties to the Southern District of Mississippi and has international ties. Also, the Defendant has access to bulk cash, has an unstable employment situation, is facing charges in multiple jurisdictions, has no children, is facing a serious maximum statutory sentence in this case, and has no type of physical or mental condition that limits his ability to flee or engage in additional fraudulent conduct. While the Defendant has voluntarily appeared in certain courts for charges,

2

this is vastly outweighed by the unrebutted testimony of criminal conduct related to this very scheme *after* his New York arrest.

The nature and seriousness of the danger to any person or the community also favor detention for all of the reasons set forth above and as explained at the hearing.

In short, the Defendant has extremely strong incentives to flee. And the Government met its burden by a preponderance of the evidence on the seriousness of flight for the reasons set forth above and as explained in more detail at the hearing. Similarly, the Defendant has already demonstrated on two separate occasions that he is willing to harm the public after being arrested for very similar conduct. The Government met its burden by clear and convincing evidence related to the danger to the community. Finally, no condition or combination of conditions will reasonably assure the Defendant's appearance and the safety of community for all of the reasons detailed at the hearing. Of course, the Court's findings made today are simply based on the record presented at the hearing. The Defendant is presumed innocent.

For the reasons as stated above and on the record in more detail, the Government's [13] Motion to Revoke, Review, and Reverse the Release Order is GRANTED, the Release Order is REVERSED, bond for Fardin Hossain Talha is REVOKED.

Accordingly, the Court orders Defendant to be transported by the United States Marshals Service from the Eastern District of New York, where he currently resides, to the Southern District of Mississippi to await further proceedings in this case.

SO ORDERED, this 30th day of July, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

3